### GEORGE W. SMITH & CO. v. WELSH.

(Supreme Court, Appellate Division, First Department.  June 25, 1906.)

PLEADING—BILL OF PARTICULARS—COUNTERCLAIM.

Where, in an action on a quantum meruit for services and materials furnished for defendant's place of business, defendant filed a counterclaim for damages resulting from the necessity of employing labor and furnishing materials to complete work plaintiff had agreed to do, to recover rent and profits lost by reason of plaintiff's delay obstructing plaintiff in the transaction of his business in the premises undergoing repairs, plaintiff was entitled to a bill of particulars as to defendant's loss of profits and as to the rents.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 970.] .

Appeal from Special Term, New York County.

Action by George W. Smith & Co., incorporated, against S. Charles Welsh.  From an order denying plaintiff's motion for a bill of particulars concerning defendant's counterclaim, plaintiff appeals.  Reversed.

The action was brought on a quantum meruit for $5,005.11 for work and labor performed and materials furnished to the defendant at his request according to a schedule attached.  The answer denied the allegations of the complaint, but alleged that plaintiff did perform certain work, labor, and services for defendant, pursuant to an agreement, under the formation of which the work was to be completed April 1, 1905; that the work was not actually completed until June 19, 1905; and that defendant could not transact his business wholly until December 19th of that year.  It was also alleged that by reason of plaintiff's failure to perform a portion of the work properly or in time defendant was damaged to the extent of $2,500, and an affirmative judgment was asked . for this amount.  The damages to defendant first alleged in the counterclaim were caused by the necessity of employing labor and furnishing materials to complete the repair work which the plaintiff had agreed to do; second, by the necessity of paying rent during the period when defendant could not transact business owing to plaintiff's delays; and,

third, by the loss of profits during the period when defendant could not transact business, or could do so only partially. Plaintiff moved for a bill of particulars of the amounts and delays, of the alleged loss of profits of defendant's business, of the amount of rent alleged to have been paid, of the names of all persons employed, as alleged, to do the work or furnish materials, which plaintiffs agreed to do, the nature of the work so done or frunished, and the amount paid therefor.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and CLARKE, JJ.

Fras. S. McGrath, for appellant.
Wm. Mullen, for respondent.

PER CURIAM. The order appealed from should be reversed, with $10 costs and disbursements, and the motion for a bill of particulars of the defendant's counterclaim granted as to loss of profits, and as to rents for the period during which the defendant was deprived of the use of the premises described in the complaint.

Order reversed, with $10 costs and disbursements, and motion granted to the extent above stated, with $10 costs.